**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

───────────────────────

**No. 24-60583**

───────────────────────

**UNITED STATES OF AMERICA,
Plaintiff-Appellee**

**V.**

**JUAN A. PAYNE
Defendant-Appellant**

───────────────────────

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

───────────────────────

**INITIAL BRIEF OF APPELLANT
CRIMINAL APPEAL**

───────────────────────

> **Bradley D. Daigneault
> Miss. Bar No. 105069
> Horan & Horan, PLLC
> 1500 Gateway
> Grenada, MS 38902
> Telephone: (662) 226-2185
> Facsimile: (662) 226-2127
> Email:
> bdaigneault@horanandhoranlaw.com**

> **ATTORNEY FOR APPELLANT**

i

# <u>CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned counsel of record for the Appellant, Juan A. Payne, certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the members of this Court may evaluate possible disqualifications or recusal.

| | |
|---|---|
| District Judge: | Debra M. Brown |
| Appellant: | Juan A. Payne |
| Defense Counsel: | M. Kevin Horan<br>Bradley D. Daigneault |
| United States Attorney for<br>the Northern District of Mississippi: | Clay Joyner |
| Assistant U.S. Attorney for<br>the Northern District of Mississippi: | John L. Herzog |

/s/ Bradley D. Daigneault   /s/
Bradley D. Daigneault, MSB # 105069
Attorney for Appellant

ii

## STATEMENT REGARDING ORAL ARGUMENT

The present case involves a matter of matter of significant importance meriting argument: whether or not Mr. Payne's prior conviction that had been expunged pursuant to state law, prior to the entry of any plea in his federal proceedings, may be considered in determining the guideline calculations applicable to his offense?

# TABLE OF CONTENTS

**Page**

**CERTIFICATE OF INTERESTED PERSONS**............................................ ii

**STATEMENT REGARDING ORAL ARGUMENT**.................................. iii

**TABLE OF AUTHORITIES**.................................................................. vi

**STATEMENT OF JURISDICTION**........................................................ 1

**STATEMENT OF ISSUES PRESENT FOR REVIEW** ........................... 2

**STATEMENT OF THE CASE**................................................................ 3

    **I.**    **Facts and Proceedings Below**...................................... 3

    **II.**    **Summary of the Argument**........................................ 8

**ARGUMENT AND AUTHORITIES**...................................................... 10

    **I.**    **In deciding to allow Mr. Payne's prior conviction in Washington County Circuit Court Cause Number CR2005-071 to be used in his sentencing guideline calculations - the district court committed multiple factual and legal errors, any or all of which are reversible.** ................................................................ 10

**CONCLUSION**.................................................................................... 25

**CERTIFICATE OF SERVICE**............................................................. 27

**CERTIFICATE OF COMPLIANCE**...................................................... 28

# TABLE OF AUTHORITIES

**CASES:**                                                                                                    **PAGE**

*United States v. Folks*, 747 F. 3d 914 (5th Cir. 2014)............................ ......... 10

*Johnson v. State,* 333 So. 3d 116 (Miss. Ct. App. 2022)................................ 14

*Bell v. State*, 382 So. 3d 1172 (Miss. Ct. App. 2024)..................................... 17

*Smith v. Circuit Court*, No. 4:21-CV-158-MPM-DAS, 2022 U.S. Dist. LEXIS 35683 (N.D. Miss. Feb. 8, 2022).................................. ........................... 19

*United States v. Gray,* No. 1:07cr44WJG-JMR-2 CIVIL, 2009 Dist. LEXIS 105257 (S.D. Miss. Oct. 23, 2009)................................................... 23

*United States v. Ashburn*, 20 F. 3d 1336 (5th Cir. 1994) ............................... 23

*United States v. Jordan,* No. 1:06CR1 LG-RHW, 2009 U.S. Dist. LEXIS 98262 (S.D. Miss. Oct. 22, 2009) .......................................................... 24

**STATUTES:**

Miss. Code Ann. § 99-19-71........................................................................ 5

Miss. Code Ann. § 99-37-5.......................................................................... 12

18 U.S.C.S. § 5021 (1994)........................................................................... 24

**RULES:**

LA. CODE CRIM. PROC. Art. 893(E)(2))..................................................... 25

**UNITED STATES SENTENCING GUIDELINES MANUAL**
USSG §4A1.1(a).......................................................................................... 13

USSG §4A1.2(j)........................................................................................... 13

## SUBJECT MATTER AND APPELLATE JURISDICTION

1.      **Subject Matter Jurisdiction in the District Court.**  This case arose from the prosecution of an offense against the laws of the United States of America. The district court had jurisdiction of this case under 18 U.S.C. § 3231.

2.      **Jurisdiction in the Court of Appeals.**  This is a direct appeal from a final decision of the U.S. District Court for the Northern District of Mississippi, Greenville Division, entering judgement of conviction and imposing a criminal sentence.  This Court has jurisdiction of the appeal under 28 U.S.C. § 1291 and U.S.C. § 3742.

The district court entered written judgment imposing a 180 month term of imprisonment on October 31, 2024, and Appellant filed his notice of appeal November 11, 2024, which complies with Fed. R. App. P. 4.[1]

---

[1](ROA. 24-50683.8).

## STATEMENT OF ISSUES

1.    **Whether the district court committed reversible error in its application of USSG § 4A1.2?**

## **STATEMENT OF THE CASE**

### I. Facts and Proceedings Below

### A.    The offense

Beginning in April of 2021, agents with the MBN and the DEA developed information that Appellant Juan A. Payne was involved in the distribution of controlled substances in Washington County, Mississippi.[2]  Through the use of a confidential informant (CI), authorities made arrangements to purchase approximately One-Half (0.5) pound of methamphetamine from the Appellant on April 7, 2022, and substantially the same amount again on April 27, 2022.[3]  The substances retrieved from both transactions were analyzed at a DEA laboratory and determined to be Two Hundred Twenty Two and Three Tenths (222.3) grams and Two Hundred Thirty-Nine and Six Tenths (239.6) grams respectively.[4] Consequently, Mr. Payne was held responsible for a total of Four Hundred Sixty-One and Nine Tenths (461.9) grams of methamphetamine (actual) for guideline purposes.[5]  Mr. Payne was named in a two-count Indictment filed in the Northern

---

[2] *See* (ROA. 24-60583.22).

[3]*Id.*

[4]*Id.*

[5]*Id.*

District of Mississippi on May 16, 2023.[6]

## B.   The Presentence Report and Objections

Mr. Payne pleaded guilty to Count I of the Indictment on May 15, 2024, which alleged that on or about April 7, 2022, the Defendant knowingly and intentionally distributed an amount in excess of Fifty (50) grams of Methamphetamine (actual).[7]  On or about July 22, 2024, a Presentence Investigation Report (hereinafter "PSR") was prepared by the United States Probation Office and submitted to Mr. Payne and his attorney.[8]  The PSR concluded that Mr. Payne's recommended guideline imprisonment range was Two Hundred Sixty-Two (262) to Three Hundred Twenty-Seven (327) months as a result of a Total Offense Level of Thirty-Four (34) and a Criminal History Category of VI.[9]

In response, the Defense filed their *Defendant's Objection to Presentence Investigation Report*, on August 12, 2024, with the main contention being that one of Mr. Payne's prior convictions (Washington County Circuit Court Cause

---

[6](ROA. 24-60583.10).

[7] *See* (ROA. 24-60583.19).

[8] *See* (ROA. 24-60583.21).

[9] *See* (ROA. 24-60583.29).

Number CR2005-071 - Sale of Marijuana), for which he was assigned criminal history points, had been previously expunged and should not be considered pursuant to United States Sentencing Guidelines Section 4A1.2.[10]  While the PSR noted that "[a]n Order of Expungement was filed in this case on April 8, 2024 . . . ," it incorrectly stated that "the conviction appears to have been set aside to restore civil rights, or remove the stigma of a criminal conviction, and not for reasons related to innocence or error of law."  Mr. Payne's contention was that this was not the case here as Mississippi law recognizes two distinct mechanisms for relief from state level criminal convictions and Mr. Payne received the full and complete benefit of an *Order of Expungement* pursuant to Section 99-19-71 of the Mississippi Code of 1972.[11]   Based on these objections, it was Mr. Payne's position that his guideline imprisonment range should have been Ninety-Seven (97) to One Hundred Twenty-One (121) months as a result of a Total Offense Level of Twenty-Nine (29) and a Criminal History Category of II.

## C.    The Sentencing Hearing and Judgment

During the course of the Sentencing Hearing, conducted on October 30, 2024, the Government made multiple arguments regarding both the propriety and

---

[10] *See* (ROA.24-60583.35).

[11] Miss. Code Ann. § 99-19-71.

the validity of the *Order of Expungement* entered in Washington County Circuit Court Cause Number CR2005-071.[12]  Responsively, Defense Counsel made both procedural arguments as well as recounting the discussions that occurred between Defense Counsel and the State which led to the signing of the agreed order.[13] Additionally, Defense Counsel provided argument detailing the legal distinctions between the two distinct mechanisms that exist pursuant to Mississippi law that provides relief for individuals convicted of felony offenses and the specific relief that Mr. Payne's Order of Expungement should afford him.[14]

The Court, in overruling the Defense's Objection to the calculations contained in the PSR, seemed more concerned with the State Court proceedings and the legal sufficiency of the *Order of Expungement* than the order's proper effect during the sentencing proceedings.[15]  Regardless, the Court did determine that Mr. Payne would be held accountable for his criminal history in Washington County Circuit Court Cause Number CR2005-071.[16]  Prior to pronouncing sentence, the Court indicated that a downward variance from the guideline

---

[12] *See* (ROA.24-60583.88 - 89).

[13] *See* (ROA.24-60583.72 - 78).

[14] *Id.*

[15] *See* (ROA.24-60583.99).

[16] *Id.*

recommendation would be applied in this matter.[17] Consequently, the Court

sentenced Mr. Payne to One Hundred Eighty Months (180) in the Bureau of

Prisons with Supervised Release to follow.[18] Subsequently, the Court, in

referencing the lengthy discussion about Mr. Payne's objections, stated that:

> Given the Court's sentence imposed, the downward variance and my consideration underlying the objection, I will say that even if the Court was wrong in ruling on your objection, I would have imposed the same sentence regardless for all of the reasons that I have spoken about here.[19]

---

[17] *See* (ROA. 24-60583.116).

[18] *See* (ROA.24-60583.12).

[19] *See* (ROA.24-60583.120).

## II.    Summary of Argument

The District Court's decision to reject the validity of Mr. Payne's *Order of Expungement* and allowing for the inclusion of Mr. Payne's conviction in Washington County Circuit Court Cause Number CR2005-071 to be calculated in his criminal history and offense level calculations stem from multiple factual and legal errors.

First, the Government's arguments, and the Court's consideration, relating to the propriety in which Mr. Payne's *Order of Expungement* was granted was inappropriate as those were matters that should have been solely within the purview of the Washington County Circuit Court Judge that signed off on the agreed order.

Second, the District Court erred in relying on *United States v. Gray* in determining that expungements must be based on actual innocence or errors of law as the court in *Gray* misapplied applicable case law in its ruling.[20]

As it is clear that at the time that Mr. Payne entered his plea of guilty in this matter that his conviction in Washington County Circuit Court Cause Number CR2005-071 had been expunged, by proper order of the Circuit Court of Washington County, the District Court erred in permitting said conviction to be

---

[20]*See* (ROA.24-60583.99).

used in Mr. Payne's sentencing guideline calculations.  These issues merit remand and resentencing.

**ARGUMENT AND AUTHORITIES**

I. **In deciding to allow Mr. Payne's prior conviction in Washington County Circuit Court Cause Number CR2005-071 to be used in his sentencing guideline calculations - the district court committed multiple factual and legal errors, any or all of which are reversible.**

A. **Standard of Review**

This Court "review(s) the application of the Guidelines *de novo* and factual findings for clear error."[21]

B. **Discussion**

The primary issues at play in Mr. Payne's matters relate to the interplay between the expungement/rehabilitation provisions contained in Sections 99-19-71 and 97-37-5 of the Mississippi Code of 1972 and section 4A1.2 of the United States Sentencing Guidelines. The important distinction between these two sections of the Mississippi Code relate to the relief that is afforded to an individual who receives an order under either section.

I. **Mississippi statutory authority and sentencing guideline provisions.**

Section 99-19-71 permits an individual who has a qualifying felony conviction and who has paid all applicable criminal fines and costs to "petition the court in which the conviction was had for an order to expunge one (1) conviction

---

[21]United States v. Folks, 747 F. 3d, 914, 914 (5th Cir. 2014).

from all public records five (5) years after the successful completion of all terms

and conditions of the sentence for the conviction upon a hearing as determined in

the discretion of the court. . . ."[22]  The resulting effect of any *Order of*

*Expungement* is that:

> Upon entering an order of expunction under this section, a nonpublic record thereof shall be retained by the Mississippi Criminal Information Center solely for the purpose of determining whether, in subsequent proceedings, the person is a first offender. The order of expunction shall not preclude a district attorney's office from retaining a nonpublic record thereof for law enforcement purposes only. The existence of an order of expunction shall not preclude an employer from asking a prospective employee if the employee has had an order of expunction entered on his behalf. **The effect of the expunction order shall be to restore the person, in the contemplation of the law, to the status he occupied before any arrest or indictment for which convicted. No person as to whom an expunction order has been entered shall be held thereafter under any provision of law to be guilty of perjury or to have otherwise given a false statement by reason of his failure to recite or acknowledge such arrest, indictment or conviction in response to any inquiry made of him for any purpose other than the purpose of determining, in any subsequent proceedings under this section, whether the person is a first offender.** A person as to whom an order has been entered, upon request, shall be required to advise the court, in camera, of the previous conviction and expunction in any legal proceeding wherein the person has been called as a prospective juror. The court shall thereafter and before the selection of the jury advise the attorneys representing the parties of the previous conviction and expunction.[23]

---

[22]Miss. Code Ann. § 99-19-71(2)(a).

[23]Miss. Code Ann. § 99-19-71(3) (emphasis added).

While it is apparent by the language contained in section 99-19-71 that the effect of the Order shall be to offer a complete restoration to the legal status the individual enjoyed prior to their felony conviction, it is clear to see how much more limited the relief is offered by section 97-37-5.

> A person who has been convicted of a felony under the laws of this state, under the laws of another state, under federal law or in state military court may apply for a certificate of rehabilitation as provided in this section. If the person was convicted of a felony under the laws of this state, he or she may apply to the court in which he was convicted for a certificate of rehabilitation. If the person was convicted of a felony under the laws of another state, under federal law or in state military court, he or she may apply to the court in the person's county of residence for a certificate of rehabilitation. A person convicted of a felony under the laws of another state, under federal law or in state military court shall attach a certified copy of his or her judgment and a certified copy of his or her completion of sentence to the petition for a certificate of rehabilitation. The court may grant such certificate in its discretion upon a showing to the satisfaction of the court that the applicant has been rehabilitated and has led a useful, productive and law-abiding life since the completion of his or her sentence and upon the finding of the court that he or she will not be likely to act in a manner dangerous to public safety.[24]

Essentially, the difference between the two statutes is that section 97-37-5 provides a marginal restoration of some civil rights, i.e. allowing the convicted individual to possess a firearm, whereas the relief provided in section 99-19-71 provides for the complete and absolute restoration of all rights. This is an

---

[24]Miss. Code Ann. § 97-37-5(3).

important distinction and discussion as it relates to the computation of Mr. Payne's offense level and criminal history category.

Chapter Four of the United States Sentencing Guidelines Manual provides the methodology by which an individual's prior convictions are, or are not, counted towards the calculation of an individual's criminal history score. Pursuant to USSG §4A1.1, any sentence, within the applicable time frame, resulting in a sentence of imprisonment exceeding one (1) year and one (1) month is counted and would result in three (3) criminal history points per conviction.[25] However, "[s]entences for expunged convictions are not counted, but may be considered under §4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement))."[26] Admittedly, there does appear to be a mechanism by which individuals who had received some partial relief, either in the form of pardon, judicial set aside, or some other action, for their convictions to be used against them for enhancement purposes.[27] However, this distinction should not

---

[25]USSG §4A1.1(a).

[26]USSG §4A1.2(j).

[27]"Convictions Set Aside or Defendant Pardoned.—A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. *However, expunged convictions are not counted*." USSG § 4A1.2, comment (n.10) (emphasis added).

apply in Mr. Payne's situation.

## II.    Mr. Payne's *Order of Expungement* was properly entered and afforded him all the relief granted by statutory authority upon its entry.

In first arguing that Mr. Payne should not receive the benefit of the *Order of Expungement* entered on his behalf, the Government filed their *Government's Response to Defendant's Objection to the Presentence Investigation Report* containing several arguments. The Government claimed that Mr. Payne's application for an expungement was improper as he had not been rehabilitated for his crimes.[28] In support of this assertion, the Government referenced the case of *Maurice Johnson v. State of Mississippi* erroneously claiming it to be an analogous situation.[29]

In *Johnson*, the defense attorney filed an entry of appearance in the Scott County Circuit Court on behalf of Maurice Johnson on February 3, 2020, and promptly filed a petition to expunge a 2007 possession of marijuana conviction.[30] It appears that shortly thereafter, or perhaps contemporaneous with the filing, the

---

[28] *See* (ROA.24-60583.41 - 43).

[29] S*ee* (ROA.24-60583.42).

[30] Johnson v. State, 333 So. 3d 116, 118 (Miss. Ct. App. 2022).

defense attorney submitted a proposed order to the Circuit Judge.[31]  It was debated whether or not the State received a copy of the proposed order, but the State did acknowledge receipt of the petition on March 16, 2020.[32]  No hearing took place and the order was signed by the Judge on May 31, 2020, without the State's knowledge.[33]

While it is unclear why the order was not immediately filed, the record shows that it was filed on October 15, 2020, one (1) day after the State filed a motion to set aside the expungement order.[34]  According to the State, the defense attorney "filed the expungement order with the clerk only after communications with the State, which expressed its opposition to the petition."[35]  Consequently, the defense attorney would have had actual knowledge of the State's opposition at the time he filed the order with the clerk.  Clearly that is not similar to what transpired relating to Mr. Payne's *Order of Expungement*.

During the course of the Sentencing Hearing in this matter, Undersigned Counsel gave a detailed breakdown of the procedural matters and communications

---

[31]*Id.*

[32]*Id.*

[33]*Id.*

[34]*Id.*

[35]*Id.*

that occurred with both the State and the Circuit Court Court Administrator. [36] Undersigned Counsel clearly explained that the *Petition for Expungement* was filed on January 11, 2024, and that no other action of record took place while defense counsel made arrangements to speak with the State to determine whether or not there would be an objection to the petition.[37] It was explicitly detailed how undersigned counsel made contact with the District Attorneys office after receiving a request from the Court Administrator for a proposed agreed order.[38] It was further detailed that after speaking with the District Attorney's office that a proposed order was agreed to, signed by the parties, and submitted to chambers for consideration.[39] The agreed order was entered on April 9th, 2024, and pursuant to Mississippi law, Mr. Payne was restored to the same legal status he enjoyed prior to his conviction upon its entry.

With this clear discussion of the distinctions between the case at hand and the *Johnson* case, Undersigned Counsel takes great offense at any assertion of any impropriety related to his conduct or that of his law firm. Unlike in *Johnson*, Undersigned Counsel had direct communication with the District Attorney's office

---

[36] *See* (ROA.24-60583.72-78).

[37] *Id.*

[38] *Id.*

[39] *Id.*

regarding the pending *Petition for Expungement.*  Not only were the parties actively communicating about the cause, they had actually reached an agreement as referenced by the signatures attached to the agreed *Order of Expungement.*  As the *Order of Expungement* has been executed by the Circuit Court of Washington County and filed with the Clerk, Mr. Payne does not currently stand guilty of the Sale of Marijuana charge in Washington County Circuit Court Cause Number CR2005-071.

III.   **Whether or not Mr. Payne had been rehabilitated to deserve an expungement is not a proper question before the District Court**.

In addition to the allegations of impropriety, the Government also asserted that Mr. Payne's *Order of Expungement* was invalid because it did not contain a finding that he offered evidence that he was rehabilitated pursuant to *Bell v. State*, 382 So. 3d 1172; however, this contention is also erroneous.[40]  While Bell's failure to provide the Court with "even a shred of evidence that he has been rehabilitated" prior to his petition being denied became the issue for Mr. Bell, it is not a requirement under Miss. Code Ann. §99-19-71.  The only statutory requirements regarding the petition and any finding of rehabilitation is contained

---

[40]Bell v. State, 382 So. 3d 1172, 1174, (Miss. Ct. App. 2024).

in Miss. Code Ann. §99-19-71(2)(b).[41]

Based on the clear statutory language, it is not a requirement that the petition or order explicitly contain findings related to rehabilitation. The order does not require a written finding as the finding may be "on the record *or* in writing."[42] While there is no dispute that Mr. Payne's *Order of Expunction* does not contain a written finding of rehabilitation, it does not need to.

Based on the wording of the statute it would be entirely sufficient for any Circuit Judge to announce any findings on the record at any given time. There is no information provided, either before this Court or was presented to the District Court, that such a finding did not occur. Consequently, had the Circuit Judge saved several agreed orders to sign at the end of any given day, he could have easily made the individual findings on the record as he addressed each order. We simply do not have enough information to determine whether this occurred or not. Consequently, the form order, which meets all statutory requirements, cannot be said to be invalid absent a proper finding from the issuing Circuit Court.

---

[41]"The petitioner shall give ten (10) days' written notice to the district attorney before any hearing on the petition. In all cases, the court wherein the petition is filed may grant the petition if the court determines, on the record or in writing, that the applicant is rehabilitated from the offense which is the subject of the petition. In those cases where the court denies the petition, the findings of the court in this respect shall be identified specifically and not generally." Miss. Code Ann. § 99-19-71(2)(b).

[42]*Id* (emphasis added).

Further, it is troubling in this matter that the District Court concerned itself with the expungement proceedings in state court, but then proceeded forward with sentencing despite the state proceedings still pending. In a relatively recent matter before the Northern District Court of Mississippi Plaintiff Susan Smith brought an action against the Circuit Court of Grenada County, Mississippi and the City of Covington, Tennessee Police Department.[43]

In *Smith*, the Court noted that Ms. Smith did not appear to be a plaintiff seeking monetary damages but that rather she complained about the difficulty in she has had regarding seeking and maintaining employment as a result of her inability to have her criminal records expunged in Grenada County, Mississippi,[44] While Ms. Smith attached some paperwork to her complaint related to her attempts to obtain expungements, the Court determined that "expungement of state felony convictions is governed by state law and expungement, and as the court mentioned at the hearing, Smith should seek this relief from the state courts."[45] Consequently, it was recommended that Ms. Smith's claims related to her expungement issues against the Circuit Court of Grenada County should be

---

[43]Smith v. Circuit Court, No. 4:21-CV-158-MPM-DAS, 2022 U.S. Dist. LEXIS 35683, at *2 (N.D. Miss. Feb. 8, 2022).

[44]*Id* at 3.

[45]*Id*.

"dismissed without prejudice as beyond the jurisdiction of this court."

The validity or propriety of Mr. Payne's *Order of Expunction* never should have been addressed as the state proceedings governing said order are outside the jurisdiction of the District Court. Consequently the findings that Mr. Payne had not been rehabilitated and should not have been granted an expungement were improper and merit remand.

IV.  **Mr. Payne's conviction was expunged pursuant to Miss. Code Ann. § 99-19-71 and should not have been considered in his guideline calculations.**

Finally, Mr. Payne contends that it was improper for his expunged conviction to be used in the guideline calculations of his offense and criminal history levels. In support of the charge's inclusion in the offense and criminal history calculations, the PSR indicated that " . . . the conviction appears to have been set aside to restore civil rights, or remove the stigma of a criminal conviction, and not for reasons related to innocence or error of law. Therefore it is counted in calculating criminal history. USSG §4A1.2, comment. (n.1)"[46]

As previously discussed, it is important to understand that two (2) distinct forms of relief are available to those convicted of felony offenses and these two

---

[46]*See* (ROA. 24-60583.24).

distinct mechanisms provide different degrees of relief from the effects of said conviction. An individual with a felony conviction may seek relief from the state court system by petition for either a Certificate of Rehabilitation pursuant to Miss. Code Ann. § 97-37-5 or for an Expungement pursuant to Miss. Code Ann. § 99-19-71.

The distinction between these two mechanisms appear to be exactly what is contemplated by the sentencing guidelines. Upon the granting of a Certificate of Rehabilitation, specific civil rights are restored to an individual with a felony conviction and that individual is thereafter allowed to possess a firearm despite said prior conviction. Notably, the Certificate of Rehabilitation has no other effect on the status of the felony conviction. Conversely, " . . . The effect of the expunction order shall be to restore the person, in the contemplation of the law, to the status he occupied before any arrest or indictment for which convicted. No person as to whom an expunction order has been entered shall be held thereafter under any provision of law to be guilty of perjury or to have otherwise given a false statement by reason of his failure to recite or acknowledge such arrest, indictment or conviction in response to any inquiry made of him for any purpose other than the purpose of determining, in any subsequent proceedings under this

section, whether the person is a first offender. . . ."[47]  As Mr. Payne did not receive a Certificate of Rehabilitation but an actual Order of Expungement regarding Washington County Circuit Court Cause Number CR2005-071, the conviction should not be counted towards any Offense Level or Criminal History calculation as expressly stated in USSG §4A1.2(j).[48]

While there was a great deal of discussion regarding Mr. Payne's objection and the Government's various contentions, there was limited discussion regarding the distinctions between the order of expunction and certificate of rehabilitation that exist.  Rather the Court simply stated that the "defendant's objections are overruled for the reason as stated in *U.S. v. Gray* in this circuit, considered expunged for purposes of calculating or evaluating.  And, again, it says 4A1.2(j), only if the expungement was due to innocence or errors of law, one reason."[49] This was an erroneous statement, and it is based on an erroneous ruling in the *Gray* case.

The most concerning part of the District Court's ruling on Mr. Payne's

---

[47]Miss. Code Ann. § 99-19-71(3).

[48]Sentences for expunged convictions are not counted, but may be considered under §4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement))." USSG § 4A1.2(j).

[49](ROA. 24-60583.99).

objections is that it is based on a holding that is an incomplete and/or misstatement of the law. The Court in *Gray* determined that "[f]or purposes of calculating criminal history in this Circuit, however, a conviction considered expunged for purposes of U.S.S.G. § 4A1.2(j) is not included under the criminal history only if the expungement was due to innocence or errors of law."[50] The *Gray* Court based its holding on *United States v. Ashburn*, 20 F. 3d 1336,wherein Mr. Ashburn was challenging the inclusion of a previous bank robbery conviction from 1984 wherein he served a six year sentence in the custody of the Attorney General under the Federal Youth Corrections Act.[51]

Mr. Ashburn argued that his conviction was expunged pursuant to the Youth Corrections Act upon his successful completion of the program and should not be counted pursuant to USSG § 4A1.2(j).[52] However, the specific language read that "(a) Upon the unconditional discharge by the Commission of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically ***set aside*** and the Commission

---

[50]United States v. Gray, No. 1:07cr44WJG-JMR-2 CIVIL, 2009 U.S. Dist. LEXIS 105257, at *6 (S.D. Miss. Oct. 23, 2009) (citing United States v. Ashburn, 20 F.3d 1336, 1342 (5th Cir. 1994), cert. denied 514 U.S. 1113, 115 S. Ct. 1969, 131 L. Ed. 2d 858 (1995)).

[51]*Ashburn*, 20 F.3d 1336 at 1342.

[52]*Id.*

shall issue to the youth offender a certificate to that effect."[53]　The specific language is important as there are many statutory mechanisms amongst the various jurisdictions that provide different levels and degrees of relief from felony convictions.　The *Ashburn* Court had a very specific holding as it related to the "set aside" language in determining that the "set aside" provision should not be interpreted to be an expungement under § 4A1.2 (j) in calculating a defendant's criminal history category."[54]

Consequently, in making a broad general policy determination that expunged convictions are only excluded from guideline consideration if "the expungement was due to innocence or errors of law" the *Gray* Court erroneously extended the *Ashburn* Court's rationale regarding set aside convictions and commingled said ruling with the consideration of expunged records.　Therefore the District Court's reliance on *Gray* was erroneous and warrants remand.

Also, the District Court referenced *United States v. Jordan*, as persuasive authority that the Court agreed with.[55]　While not stating exactly what aspects of *Jordan* the Court found persuasive, it is most likely the holding that Mr. Jordan's

---

[53]18 U.S.C.S. § 5021 (1994) (emphasis added).

[54]*Ashburn*, 20 F.3d 1336 at 1343.

[55]United States v. Jordan, No. 1:06CR1 LG-RHW, 2009 U.S. Dist. LEXIS 98262, at *7 (S.D. Miss. Oct. 22, 2009)

expungement of a prior offense obtained in Louisiana could be counted towards the calculation of Mr. Jordan's sentence. While Louisiana law does contain statutory authority that appears to allow for expungements of misdemeanor and/or felony convictions, the result is in no way analogous to the benefits that an individual receives from an expungement under Mississippi law. Further distinction is that under Louisiana law, "the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses."[56] As the provision under Louisiana law, despite being named as an expungement provision, does not restore an individual to the same status that they enjoyed prior to their conviction and allows for the "expunged" conviction to be used as the basis for laws relating to the cumulation of offenses, it is not an expungement of an offense as contemplated by Section 99-19-71 of the Mississippi Code of 1972.[57] Consequently, the erroneous legal and factual determinations warrant remand in this matter.

---

[56] *Id*; (citing LA. CODE CRIM. PROC. art. 893(E)(2)).

[57] Miss. Code Ann. § 99-19-71.

## CONCLUSION

The case must be reversed due to the fact that Mr. Payne's previous conviction in Washington County Circuit Court Cause Number CR2005-071 for Sale of Marijuana was properly and finally expunged, prior to the entry of his plea of guilty, when the *Order of Expungement* was entered on April 9th, 2024. Consequently, it was improper for his expunged conviction to be considered pursuant to USSG § 4A1.2(j).  Consequently, Mr. Payne is entitled to remand and resentencing.  Specifically, Mr. Payne should be resentenced with the determination made that Mr. Payne's Total Offense level is 29 with a Criminal History score of III, placing him in Criminal History category II, thus qualifying him for a guideline sentencing range of 97-121 months.

RESPECTFULLY SUBMITTED, this the 23rd day of April, 2025.

Juan A. Payne
APPELLANT

BY:    *s/ Bradley D. Daigneault*
Bradley D. Daigneault, MSB # 105069
*Certifying Attorney*

OF COUNSEL:

M. KEVIN HORAN, MSB # 2638
BRADLEY D. DAIGNEAULT, MSB #105069
HORAN & HORAN, PLLC

1500 GATEWAY
POST OFFICE BOX 2166
GRENADA, MISSISSIPPI 38902
EMAIL: horanmain@horanandhoranlaw.com

## CERTIFICATE OF SERVICE

I, Bradley D. Daigneault, attorney for the Defendant, Juan Payne, hereby certify that on the 23rd day of April, 2025, I electronically filed the foregoing *Initial Brief of Appellant* with the clerk of the Court using the ECF system, which sent notification of such filing to the following:

All ECF Participants

And I hereby certify that I have mailed by the United States Postal Service the document to the following non-ecf participant:

Juan Payne

> *s/ Bradley D. Daigneault*
> Bradley D. Daigneault, MSB # 105069
> *Certifying Attorney*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to 5th Cir. R. 32, the undersigned certifies this brief complies with the type-volume limitations of 5th Cir. R. 32.

1.      This brief contains well fewer than 13,000 words.

2.      This brief has been prepared in proportionally spaced typeface using Word Perfect 2021 in Times New Roman typeface and 14 point font size.

3.      The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5th Cir. R. 32, may result in the Court's striking the brief and imposing sanctions against the person signing the brief.

*s/ Bradley D. Daigneault*
Bradley D. Daigneault, MSB # 105069
*Certifying Attorney*